UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Jan Davis | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Marjorie Ouyang    David Prince

**Proceedings:** DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER THE MATTER TO THE DISTRICT COURT OF DELAWARE (Dkt. 25, filed on January 9, 2026)

## I.   INTRODUCTION

On September 14, 2025 plaintiff Zhongling Huang ("Plaintiff") filed this action against defendants Rui "Alina" Su ("Su"), Generation Lab, and NovaXS Biotech Corp. ("NovaXS") (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff asserts six claims for relief: (1) breach of contract, against Su and Generation Lab; (2) fraud, against all defendants; (3) securities fraud pursuant to Cal. Corp. Code §§ 25401, 25501, against all defendants; (4) failure to register a transfer of a security, pursuant to Delaware's Uniform Commercial Code §§ 8-401, 8-407, against NovaXS; (5) unjust enrichment, against Su and Generation Lab; (6) declaratory relief, against all defendants.

On January 9, 2026, defendants filed the instant motion to dismiss plaintiff's complaint for improper venue, or in the alternative, transfer the matter to the District of Delaware. Dkt. 25 ("Mot."). On January 29, 2026, plaintiff filed an opposition. Dkt. 36 ("Opp."). On February 9, 2026, defendants filed a reply. Dkt. 38 ("Reply").

On February 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'   JS-6

| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

## II.   BACKGROUND

### A.   Parties

Plaintiff alleges that he[1] is an individual residing in Cambridge, Massachusetts. Compl. ¶ 1.

Plaintiff alleges that defendant Rui "Alina" Su is an individual residing in and a citizen of the County of Orange, California, and that Su is the founder, Chief Executive Officer, Chief Financial Officer, and Secretary of defendant NovaXS. Id. ¶ 2.

Plaintiff alleges that defendant Generation Lab is a California corporation with its principal place of business in San Francisco, California. Plaintiff alleges that Su is the principal and managing agent of Generation Lab and exercises complete control over its operations, such that Generation Lab is the alter ego of Su. Id. ¶ 3.

Plaintiff alleges that defendant NovaXS is a Delaware corporation with its principal place of business in Irvine, California. Plaintiff alleges that NovaXS is the issuer of the common stock that is the subject of this dispute. Id. ¶ 4.

### B.   Venue

Plaintiff alleges that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Plaintiff alleges that "[a]ssignment to the Southern Division is proper as the relevant events occurred and Defendants' principal places of business are in Orange County." Id. ¶ 7.

### C.   General Allegations

Plaintiff alleges that on or about November 17, 2022, plaintiff and Su entered into a Stock Transfer Agreement (the "Agreement"), pursuant to which plaintiff agreed to purchase, and Su agreed to sell, 2,919 shares of common stock (the "Shares") in NovaXS for an aggregate purchase price of $300,000. Id. ¶ 8.

---

[1] Plaintiff's gender is unclear from the record. Compare compl. ¶ 9, 35, with opp. at 2, 4. Because the complaint identifies plaintiff as "him," the Court refers to plaintiff as "him."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O'  JS-6 |
|---|---|---|
| Case No. | 8:25-cv-02077-CAS-DFMx | Date February 23, 2026 |
| Title | Zhongling Huang v. Rui Alina Su et al. | |

Plaintiff alleges that, relying on Su's representations made both orally and in writing during October and November 2022, plaintiff fully performed his obligations under the Agreement, including wiring the full purchase price to a bank account designated by Su, which upon plaintiff's information and belief, was an account held by Generation Lab. Id. ¶ 9.

Plaintiff alleges that the Agreement imposed express obligations on Su to deliver stock certificates, or to cause NovaXS to issue shares in Plaintiff's name; to represent that the Shares were validly issued and transferable; and to ensure that Plaintiff would acquire good and marketable title. Id. ¶ 10.

Plaintiff alleges that in Section 4.4 of the Agreement, Su expressly represented that she held valid and marketable title to the Shares, free and clear of any pledge, lien, encumbrance, claim, or interest. Id. ¶ 11.

Plaintiff alleges that following execution of the Agreement and plaintiff's payment of the $300,000 purchase price, Su failed to effectuate the transfer or proper recording of the Shares in plaintiff's name and failed to ensure that plaintiff obtained actual and beneficial ownership of the Shares. Id. ¶ 12.

Plaintiff alleges that upon further investigation, plaintiff discovered facts indicating that Su may not have possessed proper title to the Shares, that the Shares may have been subject to undisclosed encumbrances or restrictions, or that Su failed to take necessary steps required by NovaXS to lawfully and effectively transfer the Shares. Plaintiff alleges that despite repeated demands, Su has refused or failed to cure her breach by completing the transfer, refunding the purchase price, or providing any valid justification for her non-performance. Id. ¶ 13.

### III.  LEGAL STANDARD

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009), abrogated by, Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49 (2013). The trial court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'   JS-6

| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2003). The interpretation and enforcement of a forum selection clause is governed by federal law. Id.

More recently, however, the Supreme Court has held that Rule 12(b)(3) is "not [a] proper mechanism[] to enforce a forum-selection clause" where venue was otherwise proper under 28 U.S.C. § 1391(b). Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49 at 61 (2013). Instead, a forum selection clause is appropriately enforced through the doctrine of *forum non conveniens*, and "[28 U.S.C. §1404(a)] is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." Id. at 60.

Generally, "[t]o prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1224 (9th Cir. 2011). However, when "the parties' contract contains a valid forum-selection clause," that clause "[should be] given controlling weight in all but the most exceptional cases." Atl. Marine, 571 U.S. at 63, (citation and quotations omitted). The Court "must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever." Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1092 (9th Cir. 2018). In evaluating such a case, "the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Atl. Marine, 571 U.S. at 63. Therefore, "a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id.

**IV.   DISCUSSION**

Defendant Su moves to dismiss plaintiff's complaint to enforce a forum selection clause in the Agreement. Mot. at 5. Defendant argues that the Agreement mandates that plaintiff's dispute be resolved in federal or state courts located in Delaware. Id. at 6.

Section 9.3 of the Agreement, entitled "Dispute Resolution," provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**   **JS-6**

| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

> The parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the federal or state courts located in the state of Delaware for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the federal or state courts located in the state of Delaware, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

Dkt. 26-1 ("Agreement") § 9.3 ("forum selection clause").

Su argues that plaintiff has not satisfied his "heavy burden of proof" to show that enforcement of the forum selection clause is unreasonable. Mot. at 6. Moreover, Su argues that all of plaintiff's claims fall within the scope of the clause because they "arise directly out of, or at a minimum[, are] 'based upon' the Agreement." Id. Alternatively, "[i]f the Court declines to dismiss outright, it should transfer the action to the District of Delaware pursuant to 28 U.S.C. §1404(a)." Id. at 8.

In opposition, plaintiff argues that the forum selection clause is unenforceable because it was procured through fraud: "Plaintiff did not make a knowing or informed choice to litigate exclusively in Delaware. The clause was embedded in the same package of documents Defendants used to induce Plaintiff to transfer her funds." Opp. at 5. Plaintiff argues that "[s]he would not have agreed to litigate in Delaware—and would not have signed the agreement at all—had Defendants not misrepresented the nature of the transaction." Id. Plaintiff argues that "[t]he surrounding facts make Plaintiff's belief reasonable and support a strong inference that the transaction was not what it was represented to be" because "Defendants' handling of Plaintiff's funds and their complete failure to deliver any shares or indicia of ownership … constitute objective red flags supporting Plaintiff's good-faith belief that the 'investment' was a sham." Id. at 5-6.

Moreover, plaintiff argues that "[the forum selection clause] also reflects unequal bargaining power and lack of meaningful assent" because "[p]laintiff was a 25-year-old individual with limited experience in securities transactions," while "Defendant Su …

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

was the company's CEO and the person with control over the information Plaintiff needed to evaluate the deal." Id. at 6. Plaintiff argues that the forum selection clause was "boilerplate" and "not separately explained, negotiated, or highlighted, and its practical consequences were not meaningfully disclosed to Plaintiff at the time of signing." Id. at 6.

Plaintiff further argues that venue is proper in the Central District of California, and that enforcement of the forum selection clause would violate "[California's] strong public policy against contractual provisions that, in operation, deprive a securities plaintiff of statutory protections." Id. at 9. Specifically, plaintiff argues that "California Corporations Code § 25701 expressly voids any provision that would require a person to waive compliance with the California Corporate Securities Law of 1968 or the remedies provided under it." Id.

In reply, Su argues that plaintiff fails to present any exceptional grounds to invalidate the forum selection clause. Su argues that "[t]o establish the invalidity of a forum-selection clause based on fraud or overreaching, Plaintiff must show that the inclusion of that clause in the contract was the product of fraud or coercion." Id. at 7 (quoting Petersen v. Boeing Co., 715 F.3d 276, 282 (9th Cir. 2013)). Here, Su argues that "Plaintiff does not … allege that the forum-selection clause was included in the contract through fraud. Rather, Plaintiff merely points to the underlying allegations of fraud in the course of dealings relating to the actual stock transfer." Id. at 8. Moreover, Su argues that "Plaintiff is not even alleging the contract as a whole was obtained through fraud. Rather, Plaintiff is alleging that after the contract was signed, Defendant engaged in allegedly fraudulent conduct." Id.

Su further argues that California's public policy considerations should not prevent the Court from enforcing the forum selection clause, because "this exact argument has been routinely rejected by other courts." Id. at 8-9 (citing Yei A. Sun, 901 F.3d at 1090 (9th Cir. 2018)).

### A. The Forum Selection Clause is Enforceable

The Court finds that plaintiff has not satisfied his "heavy burden of proof" of showing that enforcement of the forum selection clause is unreasonable. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004). "A forum-selection clause [i]s controlling unless the plaintiff ma[kes] a strong showing that: (1) the clause is invalid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" Yei A. Sun, 901 F.3d at 1088 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Here, plaintiff does not dispute that he entered into the Agreement containing the forum selection clause; rather, he argues that it should not be enforced. The Court is not persuaded by plaintiff's arguments. First, the Court finds unpersuasive plaintiff's arguments that the forum selection clause is invalid because it was the product of fraud and overreach. Opp. at 5. While plaintiff alleges that "[Su] made material misrepresentations of fact with the intent to induce Plaintiff to enter the Agreement," compl. ¶ 20, plaintiff fails to "show that *the inclusion of that clause in the contract* was the product of fraud or coercion." Peterson v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013); see also Mahoney v. Depuy Orthopaedics, Inc., No. 2:7-cv-1321 AWI SMS, 2007 WL 3341389, at *7 (E.D. Cal. Nov. 8, 2007) (To escape a forum selection clause on the grounds of fraud, a party "must show that the inclusion of the clause itself into the agreement was improper; it is insufficient to allege that the agreement as a whole was improperly procured."). Second, plaintiff alleges that the Agreement reflects "unequal bargaining power and lack of meaningful assent," given that the forum selection clause was "boilerplate" and "not separately explained, negotiated, or highlighted." Opp. at 6. However, "[t]he Ninth Circuit has made it clear that neither [a] power differential between the parties [n]or the non-negotiability of a contract are sufficient to invalidate a forum selection clause." E. & J. Gallo Winery v. Andina Licores S.A., 440 F. Supp. 2d 1115, 1126 (E.D. Cal. 2006) (citing Murphy, 362 F.3d at 1141).

Plaintiff's argument that the forum selection clause should not be enforced because it is against California public policy—specifically, the antiwaiver provision in California Corporations Code § 25701—is likewise unpersuasive. "[T]he strong federal policy in favor of enforcing forum-selection clauses … supersede[s] antiwaiver provisions in state statutes as well as federal statutes, regardless whether the clause points to a state court, a foreign court, or another federal court." Yei A. Sun, 901 F.3d at 1090 (9th Cir. 2018); id. at 1090 n.7 (explaining that Cal. Corp. Code § 25701, among other state antiwaiver provisions, do not "preclude enforcement of a forum-selection clause."). Rather, "to prove that enforcement of such a clause 'would contravene a strong public policy of the forum in which suit is brought,' … the plaintiff must point to a statute or judicial decision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

that clearly states such a strong public policy." Id. at 1090.  Plaintiff has failed to do so here.  Cf. Gemini Techs., Inc. v. Smith & Wesson Corp., 931 F.3d 911, 916 (9th Cir. 2019) ("Unlike the antiwaiver statute in [Yei A. Sun], the plain language of Idaho Code § 29-110(1) declares a strong 'public policy of Idaho'" against enforcement of forum selection clauses).

    Third, plaintiff has not shown that "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." Yei. A. Sun, 901 F.3d at 1088 (citation omitted).  Plaintiff argues that "the undisputed record shows that enforcement of the clause would effectively deprive Plaintiff of any meaningful remedy" because "Defendants have no assets [in Delaware] and … Plaintiff would face substantial barriers to enforcing any judgment obtained [in Delaware]." Opp. at 9-10.  Even taking plaintiff's arguments as true, plaintiff has not demonstrated that he will be effectively deprived of his day in court in the District of Delaware.  See Russel v. De Los Suenos, No. 13-CV-2081-BEN DHB, 2014 WL 1028882, at *7 (S.D. Cal. Mar. 17, 2014) ("Plaintiffs have demonstrated that it will be more difficult and time-consuming to litigate in Mexico, and that it may be challenging to enforce a judgment, but they have not shown that they will be effectively deprived of a forum.").

    Having concluded that the forum selection clause is valid, the Court may only consider public interest factors weighing against enforcement.  Tanious v. Landstar Sys., Inc., No. CV191067DSFSHKX, 2020 WL 3166610, at *6 (C.D. Cal. June 15, 2020). Public interest factors "may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Atl. Marine, 571 U.S. at 62 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). "Because those factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." Id. at 64.

    The Court finds that the public interest factors do not support nonenforcement of the forum selection clause.  Plaintiff provides no evidence that the District of Delaware is so congested that it cannot handle this dispute; nor has plaintiff shown that the District of Delaware is less familiar with the governing law than this Court. See Atl. Marine, 571 U.S. at 67 ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."). Third, California's local interest in enforcing its laws regulating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'   JS-6

| Case No. | 8:25-cv-02077-CAS-DFMx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Zhongling Huang v. Rui Alina Su et al. | | |

conduct of all those who operate in California, without more, does not defeat the validity of the forum selection clause. See Sandler v. iStockphoto LP, No. 2:15-cv-03659, 2016 WL 871626, at *4 (C.D. Cal. Feb. 5, 2016) (finding that having "some interest in deciding localized controversies" is insufficient to defeat enforcement of a forum selection clause). Accordingly, the forum selection clause is valid and enforceable.

**B.   Plaintiff's claims fall within the forum selection clause**

The Court further finds that plaintiff's claims fall within the scope of the forum selection clause, which applies to "any suit, action or other proceeding arising out of or based upon this Agreement." Agreement § 9.3. All of plaintiff's claims center on the allegation that plaintiff entered into the Agreement with Su pursuant to which plaintiff paid Su for shares of Su's company NovaXS, but that Su failed to give plaintiff the NovaXS shares. See compl. ¶¶ 14-36. Thus, all of plaintiff's claims "aris[e] out of or [are] based upon this Agreement." Agreement § 9.3. Plaintiff does not argue otherwise. See generally opp.

Accordingly, pursuant to 28 U.S.C. § 1404(a), the Court enforces the forum selection clause and transfers the case to the District of Delaware. See Atl. Marine, 571 U.S. at 60 ("[§1404(a)] is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.")

**V.   CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendant's motion to transfer this action to the District of Delaware.

IT IS SO ORDERED.

|   |   | 00 | : | 18 |
|---|---|---|---|---|
|   | Initials of Preparer | | CMJ | |